Richard S. Heller, J.
The principal issue in these claims is the width of the right of way for a State highway known as U. S. Route 20 running westerly from Skaneateles to Auburn, New York.
In 1951 and 1952 the State rebuilt this highway and in the area of the property owned by claimants on each side of the highway, widened the highway from a two-lane pavement to a four-lane pavement. No appropriation maps were filed or served affecting property owned by the claimants.
Claimant S. E. B. Holding Company owns property on the south side of the highway and this claimant asserts that prior to the construction in 1951-1952, highway use actually covered .83 acres of claimant’s property. It is asserted that after the reconstruction the highway use covered 1.39 acres. Claimant therefore asserts that the State has, in fact, appropriated .56 acres of property owned by it.
Claimants Edmond and Dorothy Schillawski own property lying north of the highway. They assert that prior to the 1951-1952 construction, highway use involved .90 acres of this property while after the construction highway use occupied 1.53 acres. Claimants therefore assert that the State has, in fact, appropriated .63 acres of their property for highway purposes.
Claimant Edmond Schillawski owns property lying south of the highway immediately across from the property of which he is one of the owners north of the highway. The two parcels have been used together for farming purposes. Claimant asserts that the reconstruction in 1951-1952 has extended 1,016 square feet beyond the; highway use prior to that construction. He *920 therefore asserts that the State has, in fact, appropriated 1,016 square feet of his property.
Claimants Martha, Irma and Mildred Schillawski own property lying south of the highway and surrounded on the other three sides by property owned by Edmond Schillawski. They assert that the reconstruction of the highway in 1951-1952 utilized 2,262 square feet of their property not previously used for highway purposes and that there has been, in fact, an appropriation by the State of that amount of property for highway purposes.
None of these claims have been assigned. The court has viewed the premises.
Claimants established that they own property to the center line of this highway. In establishing title, they also establish that some portion of their property was subject to an easement for highway purposes. They assert that the extent of this easement was established by the use of the property prior to the 1951-1952 construction. The State contends that the easement for highway purposes extended three rods north and south from the center line of this highway as it existed prior to previous highway improvement in 1928.
The extensive evidence that has been presented leads inescapably to the conclusion that this highway originally came into existence as a part of the Seneca Turnpike pursuant to chapter 78 of the Laws of 1800 which established the Seneca Road Company and provided for the laying out and construction of this road. The evidence of title introduced by the claimants Schillawski establish their knowledge that they owned to the center line of this turnpike road and that a portion of their property was subject to an easement for highway purposes based upon a use of 'the property by a turnpike company. This highway came into physical existence pursuant to a statute that provided for a six-rod right of way. The width of the right of way is, therefore determined by the terms of the statute. (Walker v. Caywood, 31 N. Y. 51.) The statute itself in this instance provided that the location of the six-rod right of way was determined by the center line. So far as these claimants are concerned that location has always been just as definite as the location of the property which they owned since the property is described in relation to the center line of this highway.
The fact that there is no evidence that this highway was ever opened and used for highway purposes to the full width of the easement, cannot affect the existence of a 99-foot right of way. The Seneca Road Company had a right to construct a road on a *921 right of way of not less than 99 feet and this it did. An abandonment of an easement for highway purposes can occur only where no portion of the easement is utilized for highway purposes. (Niagara, Lockport & Ontario Power Corp. v. State of New York, 187 Misc. 527.) The evidence presented on behalf of the claimants indicating that the Seneca Road Company did not comply with statutory requirements as to the construction of the road, could not affect the question of the existence of a 99-foot right of way. The right of way had to come into existence prior to the act of construction and there is nothing in the statutory provisions which would indicate a termination of the existence of the right of way by reason of construction defaults. There were in fact other remedies provided in the event of construction and maintenance defaults and the statutory enactments providing for sale and abandonment indicated an intent to preserve the 99-foot right of way.
Claimants place their principal reliance upon the case of Marvin v. Pardee (64 Barb. 353) which referred to chapter 75 of the Laws of 1806 which was an amendment to the prior acts affecting the Seneca Road Company. The Act of 1806 appointed commissioners to lay out a road leaving the existing Seneca Turnpike in the town of Sullivan extending westerly to the State road through the Onondaga reservation and thence west to the bridge across Cayuga Lake. It further required the commissioners to file accurate map and survey of such road in the office of the clerk of each county through which the road passed and provided for the purchase or condemnation of necessary property. In Marvin v. Pardee (supra) the court found that there was no evidence to indicate an actual acquisi tion of the property and the Act of 1806 could not effect a transfer to the Seneca Road Company of title to land which it had not obtained in one of the prescribed methods. In this case, however, the evidence establishes that the road came into existence under the provisions of chapter 78 of the Laws of 1800 which contain no requirement for filing of a survey or a map except in those instances where no agreement was arrived at with the owners and commissioners were appointed for the purpose of assessing damages. Here the evidence establishes the actual physical existence of a road pursuant to a statute which required a 99-foot right of way. The only basis for the existence of this highway rests on this statute and claimants’ predecessors in title recognized the nature of the highway as a turnpike and only the Seneca Turnpike existed in this area.
The evidence establishes that there has been no appropriation or trespass by the State on the property of the claimant, S. E. *922 B. Holding Company, lying south of the highway and on the property of the claimants Edmond and Dorothy Schillawski lying north of the highway. The claim of the S. E. B. Holding Company, No. 32760, is therefore dismissed and the claim of Edmund and Dorothy Schillawski included in Claim No. 32769 so far as it relates to an alleged trespass and appropriation on property lying north of Route 20 is also dismissed. In regard to the property owned by Edmund Schillawski lying south of Route 20, however, the State admits an encroachment of about 225 square feet and an encroachment of approximately the same area on property of Martha, Irma and Mildred Schillawski lying south of Route 20.
In 1952 there was an appropriation by the State of property owned by Edmund Schillawski extending south from the southerly boundary of the six-rod right of way. At one point shown on the plans of the highway construction as Station 68, the State made a fill of about a foot and a half at the southerly edge of its appropriation and graded this fill about four and a half feet south of the appropriation.
Along the property owned by Irma Schillawski and her sisters there was an appropriation by Cayuga County in 1928 which extended the southerly boundary of the six-rod right of way to the south. At Station 72+50 the State placed a three-inch fill at the property line and graded it down to the south. At Station 74+50 the State made a cut about six inches deep at the property line and level with grade about six inches south of its property line. At Station 75 the cut at the property line is about a foot deep and is at grade two and a half feet south of the south line of the right of way established by the county appropriation in 1928. At Station 75+50 the cut is about three inches at the south boundary of the right of way established by the county appropriation and the grading extends .9 feet south of that boundary.
It is not clear from the evidence as to whether these encroachments of fill and cut covering a total area of about 450 square feet constitute a de facto appropriation or are a continuing trespass.
In either event, however, there is no evidence in the record to support an award for damages. The claimant presented one expert witness who testified as to his opinion of value of the property before the taking and after the taking. In each event, however, he assumed that the taking included all property lying outside of the area actually used for highway purposes after the reconstruction in 1928. On this basis he included in his opinion as elements of damages, the effect of the State’s recon *923 struction in 1951-1952 on an area of property where it had a right to act without further appropriation. On this record the court can only conclude that while the claimant Edmund Schillawski and claimants Martha, Irma and Mildred Schillawski have shown an encroachment upon their property covering a total area of about 450 square feet, they have not established any measure of damages therefrom.
The foregoing constitutes the decision of this court in accordance with section 440 of the Civil Practice Act. Judgments may be entered in accordance herewith.